```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WINIFRED NNAKWE,

                    Plaintiff,

       -against-                           MEMORANDUM & ORDER
                                           11-CV-2415(JS)
MICHAEL J. ASTRUE, Commissioner of
Social Security,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Winifred Nnakwe, pro se
                   190 Acorn Avenue
                   Central Islip, NY 11722

For Defendant:     Robert W. Schumacher, II, Esq.
                   U.S. Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza
                   Central Islip, NY 11722
```

SEYBERT, District Judge:

Pro se Plaintiff Winifred Nnakwe ("Plaintiff") appeals the decision of the Commissioner of Social Security (the "Commissioner") denying her application for a waiver of overpayment of disability benefits. Plaintiff and the Commissioner cross-moved for judgment on the pleadings (Docket Entries 16, 20); for the following reasons, Plaintiff's motion is DENIED and the Commissioner's motion is GRANTED.

## BACKGROUND

Plaintiff, a school teacher, applied for disability insurance benefits ("DIB") in August 2005, alleging a disability

arising out of her serious kidney disease. (See Admin. R. ("R. __") 12.)  Her application was granted, and she began receiving DIB in December 2005.  In the meantime, however, Plaintiff returned to work.  According to the Commissioner, Plaintiff did not timely notify him that she was working (R. 81), in contravention of Plaintiff's award letter, which required her to alert Social Security if she returned to the job (Docket Entry 20 at 133).  Plaintiff accepted DIB payments from December 2005 to November 2006 (R. 81), an overpayment of $12,628.

The Commissioner sought repayment of the DIB, and Plaintiff applied for a waiver, arguing that she timely notified Social Security of her return to work and that she was told by a Social Security employee that she was eligible for a trial work period (during which she could work and receive benefits).  (See R. 70-71, 81.)  The Commissioner denied Plaintiff's waiver application (R. 81), and Plaintiff sought review of this decision.  A hearing was held on August 5, 2009 (where Plaintiff appeared pro se) and, in a subsequent written decision, the Administrative Law Judge (the "ALJ") found that (1) Plaintiff was not without fault in accepting the overpayment, and (2) it would not be against equity and good conscience for Plaintiff to return the money.  (R. 14, 346.)  The Appeals Council upheld the ALJ's findings, making the denial of Plaintiff's waiver the Commissioner's final decision.

DISCUSSION

The Commissioner's decision must be affirmed.

I. Legal Standard

In reviewing the ruling of the ALJ, this Court will not determine de novo whether Plaintiff is in fact disabled. Thus, even if the Court may have reached a different decision, it must not substitute its own judgment for that of the ALJ. See Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991). Instead, this Court must determine whether the ALJ's findings are supported by "substantial evidence in the record as a whole or are based on an erroneous legal standard." Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000) superseded by statute on other grounds, 20 C.F.R. § 404.1560 (quoting Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998)). If the Court finds that substantial evidence exists to support the Commissioner's decision, the decision will be upheld, even if evidence to the contrary exists. See Johnson v. Barnhart, 269 F. Supp. 2d 82, 84 (E.D.N.Y. 2003). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion." Id. The substantial evidence test applies not only to the ALJ's findings of fact, but also to any inferences and conclusions of law drawn from such facts. See id.

To determine if substantial evidence exists to support the ALJ's findings, this Court must "examine the entire record,

3

including conflicting evidence and evidence from which conflicting inferences may be drawn when deciding whether the findings are supported by substantial evidence." See Gonzalez v. Barnhart, No. 01-CV-7449, 2003 WL 21204448, at *2 (E.D.N.Y. May 21, 2003) (quoting Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999)). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Where an ALJ's decision is not supported by substantial evidence, however, or where the Court is "'unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision,' remand is appropriate." Hernandez v. Astrue, 814 F. Supp. 2d 168, 184 (E.D.N.Y. 2011) (quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996)).

II. Substantial Evidence Supports the Commissioner's Decision

The Commissioner may not recover overpayments of social security benefits where the claimant is without fault in accepting the overpayments and the recovery would either (i) defeat the purpose of the Social Security Act, or (ii) be against equity and good conscience to require repayment. 42 U.S.C. § 404(b). Whether a claimant is "without fault" may turn on whether she failed "to furnish information which he knew or should have known to be material," 20 C.F.R. § 404.507(b), or

4

accepted a payment "which [s]he either knew or could have been expected to know was incorrect," 20 C.F.R. § 404.507(c). Whether repayment would defeat the purpose of the Social Security Act depends on whether repayment would "deprive a person of income required for ordinary and necessary living expenses." 20 C.F.R. § 404.508(a). In turn, this determination "depends upon whether the person has an income or financial resources sufficient for more than ordinary and necessary needs," taking into account expenses that include clothing, rent, utilities, and insurance. Id. Whether repayment would be against equity and good conscience turns on whether a claimant changed her position for the worse or "relinquished a valuable right" in reliance on the benefits that were overpaid in error. 20 C.F.R. § 404.509(a)(1).

Here, the ALJ determined both that Plaintiff was not without fault in accepting the overpaid DIB and that repayment would not defeat the purpose of the Act. On the latter point, the ALJ used the phrase "against equity and good conscience," but it is clear from the context of his ruling that he also considered whether repayment would defeat the purposes of the Act. As part of his decision, the ALJ detailed Plaintiff's salary and expenses (R. 12-13), factors that bear on the "defeat the purpose" prong of the waiver inquiry, not the "equity and good conscience" prong, see 20 C.F.R. § 404.509(b) ("The

5

individual's financial circumstances are not material to a finding of against equity and good conscience."). Neither decision was an abuse of the ALJ's discretion.

As to the fault inquiry, Plaintiff maintains that she timely notified Social Security administrators that she had returned to work. (R. 358; Pl. Br. 5.) Beyond Plaintiff's hearing testimony, though, there is no evidence to support this view. In her brief, Plaintiff states that her disability application was denied on October 6, 2005 because she had returned to work and that this supports her position that she notified Social Security of her employment before she began receiving DIB in December 2005. (Pl. Br. 5.) Plaintiff does not cite any evidence to show that she was denied benefits on October 6, 2005. This confusion may stem from language in the Commissioner's waiver decision stating that "Due to this return to work, claimants [sic] disability claim was reversed to a denial 10/06." (R. 81.) Plaintiff describes similar language in her brief to argue that the reversal occurred on October 6, 2005 (Pl. Br. 5), but it is clear that "10/06" in the waiver decision means "October 2006," not "October 6th." Plaintiff's own documents show that she informed Social Security of her return to work on July 10, 2006. (Docket Entry 20 at 143.)

The ALJ also properly determined that Plaintiff, whose salary in 2007 was $86,688 (R. 39, 353), could afford to repay

6

the DIB at a rate of $125 per month.  Drawing from Plaintiff's waiver application and her hearing testimony, the ALJ took careful note of Plaintiff's salary and expenses, and his decision was not an abuse of discretion.  See Valente, 733 F.2d at 1041 ("[T]he issues of whether repayment would defeat the purposes of the Act or be against equity or good conscience implicate an exercise of informed judgment, and the Secretary has considerable discretion in making these determinations.").[1]

In sum, the ALJ's decision is supported by substantial evidence and will not be overturned.

---

[1] In her reply brief, Plaintiff hints that she bought a new car in reliance on her benefits (see Pl. Reply 2), a point that, under other circumstances, might go toward whether repayment would be against equity or good conscience.  Plaintiff did not argue this in front of the Commissioner, though, and she provides no details on when or why she bought the car, how much it cost, or (other than her conclusory statement) why it was purchased in "due to" her DIB.  (Id.)

CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket Entry 20) is DENIED and the Commissioner's motion (Docket Entry 16) is GRANTED. The Clerk of the Court is respectfully directed to mail Plaintiff a copy of this Order and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   July __26__, 2012
         Central Islip, New York

8